## D. S. Morgan & Co.
### v.
## James Thetford.

Contract of sale—Rescission.—A party seeking to rescind a contract for the sale of a machine, on the ground that it did not work as warranted, must return or offer to return it within a reasonable time after he discovers its defects. He cannot use the machine through the whole season, lay it aside, and then defeat a recovery of the contract price on the ground that it did not work well.

Error to the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

Messrs. Barr & Lemma, for plaintiffs in error; that a party seeking to rescind a contract must place the opposite party *in statu quo,* cited Buchanan v. Harney, 12 Ill. 336; Smith v. Doty, 24 Ill. 165.

He cannot keep the goods an unreasonable length of time: Story on Sales, § 426.

The machine not being returned, the vendor was entitled to recover its reasonable value, notwithstanding the warranty: Owens v. Sturges et al. 67 Ill. 366.

If the defect was unimportant, or could easily have been remedied, the defendant is still liable: Morgan v. Collins, 19 Ill. 126.

Mr. WILLIAM J. ALLEN, for defendant in error; that the contract might be rescinded, cited 2 Chitty on Contracts, 1089; Addison on Contracts, 504.

ALLEN, J. This suit was brought by plaintiff on a promissory note executed by defendant to plaintiff, for a reaper and mower combined. Defendant sets up by way of bar to a recovery on the note, a warranty and failure of the conditions of the warranty. A trial was had in the Jackson Circuit Court, before a jury; verdict for defendant. A motion for a new trial was made by plaintiff, which the court overruled, and rendered a judgment against plaintiff for costs. Among other errors assigned on the record, is the refusal of the court to grant a new trial. The evidence discloses the fact that the reaper cut well, but that the rake worked badly. That after the plaintiff's agent had been notified, he re-adjusted the rake, and after cutting about half an acre the defendant seemed to be satisfied, and executed the note sued on, and paid $5 in money to pay freight on the machine. That defendant continued to use the reaper until he completed his harvest, and that afterwards he notified plaintiff's agent that the machine did not work well. The only complaint seemed to be that the rake did not properly rake off the grain. If the defendant desired to rescind the contract, it was his duty to return or offer to return the machine, within a reasonable time after he discovered its defects; in this way he might have exonerated himself from the payment of his note, having done all he could do or was required to do to place the plaintiff *in statu quo*. Buchanan v. Harney, 12 Ill. 336; Smith v. Doty, 24 Ill. 163; Story on

Morgan & Co. v. Thetford.

Sales, § 426.   Defendant having failed to return or offer to return the reaper, the contract price, or if there was a partial failure of consideration to pay, he became liable to pay plaintiff whatever the reaper was worth.   The expense of repairing and adjusting the rake, or even procuring a new one, or new attachments to work the rake, would be small compared with the value of the reaper itself, if it cut well (and the evidence shows that it did).   As a mower the evidence shows its value at from $75 to $125, and although the defendant says he never received the mowing attachment, yet he fails to show that he ever called for it, or that it would not have been furnished if demanded.   So that in any light in which we can view this testimony, the plaintiff was entitled to recover something.   Defendant could not use the reaper through his harvest, lay it aside and say it did not work well, and I will neither return it or pay anything for it.

Neither the terms of the warranty or the law of the land would permit him to do this.   We repeat, he must in a reasonable time return or offer to return the reaper, or hold himself responsible for the contract price or its value, whatever that may be.   The evidence shows its value as a mower alone to be greatly beyond what defendant advanced for payment of the freight upon it.   Under the evidence the verdict should have been for plaintiff for the contract price or the value of the property, and the court erred in refusing to set aside the verdict of the jury and to grant a new trial.

Judgment of the Circuit Court reversed and cause remanded.

Reversed and remanded.