## D. M. OSBORNE ET AL.

### v.

### HENRY FLOOD.

1. WARRANTY—WAIVER OF CONDITION.—Where a machine is sold
with a warranty, the purchaser to return the machine, if imperfect, and a
proviso that if the buyer retains the machine during harvest, it shall be
deemed conclusive evidence that the machine fills the warranty, and the
purchaser, at the request of the agent of the seller, keeps the machine, it
will be deemed a waiver only of the obligation to return. No new contract
arises, and the buyer's remedy is still upon the original contract of warranty.

2. DAMAGES.—In such cases the contract itself furnishes the measure of
damages in case the machine proves defective, and the utmost that can be
recovered by the purchaser is the original price of the machine with interest
from the time of making the offer to return.

APPEAL from the Circuit Court of Macon county; the
Hon. C. B. SMITH, Judge, presiding.  Opinion filed Septem-
ber 26, 1882.

Mr. I. D. WALKER, Mr. I. BUCKINGHAM and Mr. E. B. SHER-
MAN, for appellants; that the measure of damages for breach of
warranty of chattels sold, is the difference between the actual
value at the time and place of delivery, and the value as it would
have been had the chattels conformed to the warranty, cited
Street v. Chapman, 29 Ind. 142; Tuttle v. Brown, 4 Gray, 457;
Morse v. Brackett, 98 Mass. 205; Reggio v. Broggiotti, 7 Cush.
166; McGavock v. Wood, 1 Sneed, 181; Worthy v. Patterson,
20 Ala. 772; Sharon v. Mosher, 17 Barb. 378; Stearns v. Mc-
Culloch, 18 Mo. 411; Smith v. Steinkampler, 16 Mo. 150;
Verdier v. Trowell, 6 Rich. 166; Lane v. Lautz, 27 Md. 211;
Morse v. Hutchins, 102 Mass. 439; Stiles v. White, 11 Met.
356; Whitman v. S. B. I. Co. 2 Allen, 52; Colturs v. Kerver,

Osborne v. Flood.

4 Barr, 16; Page v. Parker, 40 N. H. 47; Edwards v. Colson, 5 Langham, 324; Woodward v. Thatcher, 21 Vt. 58; Overbury v. Lighter, 27 Ind. 27; Booher v. Goldsboro, 44 Ired. 490; McCunn v. Williams, 65 Ill. 390; Miller v. Eno, 4 Kernan, 596; Moulton v. Scruten, 39 Me. 287; Murray v. Jennings, 42 Conn. 9; Fales v. McKeon, 2 Hilt. 53; Lacey v. Strangham, 11 Iowa, 258; Smith v. Cozart, 2 Head, 526; Carr v. Moore, 41 N. H. 131; Merrill v. Nightingale, 39 Wis. 247; Freyman v. Knecht, 78 Pa. St. 141; Leighworth v. Leffel, 76 Pa. St. 476; Aultmann & T. Co. v. Hetherington, 42 Wis. 622; McCormick v. Vanatta, 43 Iowa, 389; Wright v. Davenport, 44 Texas, 164; Tatum v. Mohr, 21 Ark. 349; Clark v. Neufrille, 46 Ga. 261; Cary v. Gruman, 4 Hill, 625; Thornton v. Thompson, 4 Gratt. 121; Ferguson v. Hosier, 58 Ind. 438; Driggers v. Bell, 94 Ill. 223.

In some cases additional damages that accrued before the breach of warranty could have been discovered are allowed: Thorn v. McVeigh, 75 Ill. 81; Randall v. Roper, 96 E. C. L. 82; White v. Miller, 7 Hun, 427; Schult v. Baker, 9 Hun, 556; Wolcott v. Mount, 36 N. J. 262; Passinger v. Thorburn, 34 N. Y. 634; Park v. M. A. T. Co. 54 N. Y. 586; Millburn v. Belloni, 39 N. Y. 53; Flick v. Wetherton, 20 Wis. 392; Bonadaile v. Bruxton, 8 T. R. 535; Page v. Pavey, 8 Car. & P. 279; Brown v. Edgerton, 2 Man. & Gran. 279; Hadley v. Buxendale, 9 Exch. 341; Ferris v. Comstock, 33 Conn. 573; Van Wyck v. Allen, 69 N. Y. 61.

Where profits have resulted to the purchaser by means of the warranted article while in his possession, they must be deducted from the damages: Sedgwick on Damages, 164; Morgan v. Collins, 19 Ill. 126.

Remote damages and speculative profits are not recoverable: Green v. Williams, 45 Ill. 206; Benton v. Fay, 64 Ill. 417; Rogers v. Beard, 36 Barb. 31; Shaw v. Wallace, 1 Dutch. 453; Sedgwick on Damages, 112.

The written warranty can not be extended or varied by implication: Sedgwick on Damages, 623; Benjamin on Sales, § 666; Willard v. Stephens, 24 N. H. 271; Deming v. Foster, 42 N. H. 165; Lanier v. Auld, 1 Murphy, 138; Britton v.

Turner, 5 N. H. 481; Gromdul v. Lamb, 1 M. & W. 352; Dixon v. Tizinia, 2 E. L. & E. 514; Parkinson v. Lee, 2 East, 314; Rudd v. Fairmouner, 8 Bing. 52.

Mr. W. C. JOHNS, for appellee; that plaintiff is entitled to recover such damages as naturally arose from the defective operation of the machine, cited Hadley v. Buxendale, 9 Exch. 341; Smeid v. Ford, 1 Ellis & Ellis, 602; Schmidt v. Mitchell, 84 Ill. 195.

McCULLOCH, J.   Appellants sold to appellee a self-binding harvester upon the following warranty:· " All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day.   If on starting a machine it should prove in any way defective and   not work well, the purchaser shall   give prompt notice to the agent of whom  he purchased  it and  allow  time for a person to be sent to put it in order; if it can not then be made to do good work the defective part will  be  replaced, or the machine taken back, and  the payments of money or notes returned.   Keeping  the machine during  harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty."

The machine proving defective the first season after its purchase, several attempts were made by appellants' agents to put it in order so as to comply with the warranty, but without success.   Appellee, however, succeeded in cutting a large amount of grain that year both for himself and his  neighbors.   Notwithstanding the machine did not work well he did not return it as provided in the contract, but  gives as  a  reason therefor, repeated requests of appellants' agents to keep it  longer.   At the end of  harvest appellee testifies he  offered  to return the machine, but was induced  to keep  it until the  following season, upon a  promise made by the  agent who sold  it to him, that it should be made to do good work the next  season.   In consideration of this inducement he paid one hundred dollars of the purchase  money and  gave two notes for one  hundred dollars each for the balance.   At the next  harvest time another attempt was made to get the machine to  do good work, but without any better success  than on the  former occasion.

Osborne v. Flood.

Appellee then offered to return the machine, which appellants refused to accept, or to return the consideration. Suit was then brought and recovery had for the sum of six hundred dollars damages.

Appellants claim that the agent who sold the machine had no authority from them to enter into any new contract with appellee respecting the machine, after the end of the first harvest after it was purchased.

However this may be it is clear to us that the parties did not understand that any new or different contract of sale or warranty had been entered into, but the arrangement at most amounted to a waiver, for the time being, of appellee's obligation to return the machine during the first season. Appellee so understood it, for it appears in his correspondence with appellants during the second harvest, that he simply demanded a return of the consideration for the purchase, upon his giving up the machine. We are, therefore, of the opinion that appellee's cause of action rests upon the original warranty, and that he can allege the waiver in excuse for not returning the machine during the first harvest, as he has done in his declaration.

Appellee, however, complains that the damages assessed are in excess of appellants' liability upon the contract. The consideration for the purchase was three hundred dollars while the damages assessed amount to six hundred dollars, for which sum judgment was rendered. Appellants contend that, inasmuch as the rule for the assessment of damages is, that, the seller of a warranted machine is only liable for the difference between its value as it was found to be, and its value as it would have been had it fulfilled the warranty, the damages could not in any event have exceeded the price of the machine, which was its actual value. Counsel for appellee contend for a different rule. They claim that the machine having been manufactured with reference to the performance of a specific kind of work known to the seller as well as to the buyer, the seller is liable to all the damages arising to the buyer from inconvenience to his harvesting, loss of time, extra expense, damage to crops from unusual delay in cutting them,

and in fact from everything proximatively resulting from the defective character of the machine. We deem it unnecessary to decide the propositions thus broadly stated on both sides, being precluded, as we think, from doing so by the terms of the contract itself.

It is undoubtedly true that parties to a contract may by its terms fix the measure of damages or any other consequences that may follow from its breach by either party, and when this is done the law will follow the contract. This we think has been done in the present instance, and whatever might be the rule of assessing damages in the absence of any stipulation, we are clearly of the opinion that the parties to this contract have furnished the court with the data by which its action must be controlled. The effect of the contract is that if the machine can not be made to do good work it will be taken back and the money or notes returned, and keeping the machine during harvest shall be deemed conclusive evidence that the machine fills the warranty. If the purchaser finds the machine defective he must give the seller an opportunity to remedy the defects, and if after that it proves a failure he may return it and get his money back, but if he keeps it during the harvest he can not afterward complain of a breach of the warranty. He must therefore make a timely offer to return the machine and demand a return of the consideration. When this is done he is at liberty to treat the machine as the property of the seller and recover back the whole consideration or to keep it and allow the seller its real value, as a deduction from the original price. We are therefore of the opinion that the utmost that could be recovered upon this contract would be the original price of the machine with interest from the date of offer to return the machine. The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.