## THE PLANO MANUFACTURING COMPANY
### v.
## A. M. PARMENTER.

*Negotiable Instruments—Note—Guaranty—Cause of Action—Sales—Election—Warranty—Instructions.*

1. Documentary evidence consisting of several distinct papers, referring to one and the same transaction, should be admitted together in evidence in a controversy based thereon.

2. The plaintiff can not be required to elect between a contract and a promissory note where both are parts of the same transaction and the action is based on both.

3. The guarantor of a promissory note given for a harvesting machine can not defend on the ground of a breach of warranty in the contract of sale requiring the return of the machine upon certain conditions if there has been no return or offer thereof.

4. Instructions raising issues not involved in the case and not supported by the evidence, should not be given.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Mr. ARTHUR KEITHLEY, for appellant.

Mr. JOHN M. TENNERY, for appellee.

UPTON, J. This cause was tried in the Circuit Court of Peoria county on appeal from a justice of the peace, wherein

appellant was plaintiff. Appellant is a corporation engaged in the manufacture of harvesting machinery, with its principal office at Chicago.

In the winter of 1886 it entered into a written contract with appellee, who resides at Knoxville, Illinois, for the sale of its machines at that point and vicinity.

The parts of the said contract deemed necessary to be considered here are the appointment of appellee as the agent of appellant for the purpose above indicated, which agency was to continue until September 1, 1886; the price specified at which its harvesting machines were to be sold was fixed at $180; the machines sold were warranted by the appellant to the purchasers thereof, through its agents, to the effect that such machine was well made, of good materials, and, with proper care and management, was capable of doing first-class work; that purchasers should have one day to give the machine a fair trial, and if it would not work well, written notice thereof, stating wherein it failed, was to be given the agent of whom it was purchased and the appellant at Chicago, and a reasonable time allowed to remedy the defects, if any, (the purchaser rendering necessary aid and friendly assistance) and if the machine could not be made to do good work it should be returned to the agent at the place where it was received by the purchaser, and a new machine given in its place, or the notes and money would be refunded, which terms of warranty were not to be changed or varied by the appellee.

The fourth clause of the contract provided that if any of the machines should be sold by appellee on credit, settlement therefor might be made at the net price, in notes of good and reputable parties or persons, the payment of which notes was to be guaranteed by the appellee, and that a failure of appellee to indorse such guaranty of payment upon such sale notes should not affect his liability on "*this contract of guaranty of payment thereof*," and that machines or goods of appellant sold under the contract on credit by the appellee, or upon any other terms, should render appellee liable therefor in cash upon demand.

In consideration whereof appellant was to allow appellee a commission of twenty-five per cent off, on the list price of $180, for each machine, upon all sales thereof, for cash or on credit, to parties who were trustworthy and financially responsible, and upon appellee's contract of guaranty, as above set forth.

In June or July, 1886, appellee having received from appellant, harvesting machines, for sale under said contract, sold one of said machines to Russell and McGill for $150, to be paid for on the first of the ensuing August, and subject to the warranty above set forth. This machine was put in use by the purchasers. Some complaint was made as to the working of it; that it was of heavy draft; that the steel frame was out of plumb, which caused the main pinion, running inside the master wheel, to cut out rapidly. Appellant, by its agents, made efforts to remedy the defects complained of.

Russell and McGill still remained dissatisfied, as they claimed, with the machine, but continued to make use of it for the entire harvest of 1886, and did their own harvesting with it, doing all the work they had to do with a harvesting machine for that season, but did not deliver or offer to deliver the machine to the agent of whom it was purchased, or to the appellant, but refused to pay for it as they had agreed.

In the fall of 1886 appellee's agency terminated under the contract, and it became important to both appellee and appellant that, in the settlement between them, this machine sold to Russell and McGill, and still remaining in their possession, should be adjusted and settled for, to accomplish which it was agreed that Russell and McGill should meet the general agent of appellant, one Charles G. Van Ness, at the store or place of business of appellee, and adjust the matters in dispute in reference thereto, if possible.

The parties accordingly met, as agreed, and effected a settlement between them, which was, in brief, that Russell and McGill should keep the machine so purchased of appellee, and execute their promissory note for the sum of $150 of date of December 1, 1886, payable to appellant, or order, on or before September 1, 1887, with interest at eight per cent per

annum; and thereupon appellant, by its agent, Charles G. Van Ness, and with the full knowledge, if not the express consent of appellee, executed and delivered to Russell and McGill a contract of warranty of said machine of the following tenor and effect: " In consideration of a settlement made in full this day and date for one Steel Crown Plano Harvester and Binder, purchased of A. M. Parmenter, by Charles Russell and F. W. McGill, said harvester and binder not having given satisfaction to the purchasers, who claim that said harvester and binder is defective, and therefore it is agreed hereby by the Plano Manufacturing Company that they will send a competent expert to adjust and repair said harvester and binder, and put the same in first-class working order for the harvest of 1887. If said machine can not be made to do as good work as any machine of its class, and the defects, if any, can not be remedied by the expert of said Plano Manufacturing Company, the said machine shall be returned, and a new one furnished by the said Plano Manufacturing Company in its place, free of any extra charge to said purchasers.

"If the above conditions and agreements are not fulfilled, then the note given by the above named purchasers in settlement shall be null and void, or the money, if any paid, shall be refunded to the purchasers, Charles Russell and F. W. McGill."

Upon this settlement being made, appellee was allowed his commission on the sale of said machine, of twenty-five per cent, as agreed, and appellee guaranteed the payment of the note so given for said machine by indorsement in writing on the back thereof, and the note was taken at its face value by appellant, and allowed to appellee upon settlement of his accounts with appellant as such agent.

Prior to the harvest of 1887 the appellant sent one or more experts to repair and adjust the machine; Russell and McGill made some complaints concerning the working of it, by correspondence and otherwise, which resulted in appellant sending experts to adjust the same, if needful or required. Russell and McGill used the machine during the harvest of 1887, cut and harvested their own grain, as well

as that of others, all that the parties had to cut that season, and that machine still remains in the possession of Russell and McGill, without return or offer of the return thereof to appellant or its agents. The note of $150 given for said machine, as above stated, and guaranteed by the appellee, not being paid at maturity, this suit was commenced against appellee, as the guarantor of payment thereof. Appellant was defeated on the hearing in the Circuit Court, before a jury, and the cause is before this court on appeal, and errors are assigned upon the record.

What the defense to this suit was in the court below, in fact, does not clearly appear from this record. No complaint is made that appellant did not procure experts to repair and adjust the harvester and binder, as agreed; but the complaint is that the machine was not and could not be adjusted or repaired so as to be in first-class working order, or to do as good work as other machines of its class. If that be conceded, of which there is no proof in this record, it then became the duty of the purchasers, under the contract, to return the machine to appellant, within a reasonable time, and demand of appellant the fulfillment of the contract, viz., the delivery (free of extra charge) of a new machine, or in case of refusal, the cancellation of the note.

There is no claim or pretense, as we have shown in this case, of a return or delivery of the old machine to appellant, or its agents, at any time, before or after the bringing of this suit.

Under these circumstances we are unable to perceive any principle of law which should invalidate the note of Russell and McGill given for the price of the machine, or which would preclude the legal enforcement thereof, shown by the record before us. Morgan v. Stulford, 3 Ill. App. 323; Osborne v. Flood, 11 Ill. App. 408; Osborne v. Drozer, 13 Ill. App. 380, and cases therein cited.

The Russell and McGill note for $150 being, as we have shown, a valid and subsisting claim, past due at the commencement of this suit, and offered in evidence by appellant in the Circuit Court, the payment of which was guaranteed

by appellee, both by the original contract creating his agency, and by his indorsement of guaranty on the back of the said note, all of which were proper evidence on the part of appellant, and should have been admitted on the trial in the Circuit Court, entitled appellant to judgment for the principal of said note, with the interest thereon accruing according to the tenor and effect thereof, unless overcome by other and further evidence in the case, the burden of which was cast upon appellee by putting in evidence the contract, note and guaranty, which appellant sought to do, but was denied the right by the ruling of the Circuit Court, holding that appellant should elect whether he would predicate his cause of action upon the note and guaranty thereon, or the original contract creating appellee's agency, and contract of guaranty therein, when in law and fact, as we have shown, both were but parts of the one transaction, and should have been admitted in evidence on the trial.

It is said that the guaranty appearing on the note was denied by appellee, but, as we think, was completely overcome, if not by the evidence of appellee himself, at least by the testimony of Van Ness, and the other evidence and circumstances in evidence in the case; but if we concede the claim to its fullest extent, still there remains the appellee's original contract of guaranty to appellant of all notes taken for the sale of machines on time, which, as between appellant and himself, was valid and obligatory, even though appellee had not in fact put his name on the back of this note. The execution of this contract is undisputed. The original contract of agency with appellee was in no legal sense trenched upon, altered or impaired by the subsequent contract of Van Ness with Russell and McGill, before referred to, of the execution of which appellee had full knowledge at the time, and to which no objection was made by him at the time of its execution and delivery.

Under such circumstances we think the Circuit Court was in error in compelling appellant to elect in procedure in the trial. It had the right to introduce the original contract with appellee, and the note and guaranty thereon, as parts of the

same transaction, for at least the original contract to guarantee notes for deferred payments on the machines sold on time, and upon which commissions had been paid appellee, was proper evidence to show a consideration for the actual guaranty of payment by appellee upon the note, and clearly admissible for that purpose, and the guaranty of appellee, as well as the note upon which it was written, was competent evidence in this case, and should have been admitted in evidence in connection with the other testimony on the hearing in the Circuit Court.

The Circuit Court, we think, also erred in giving to the jury the first, second, third and fifth instructions for appellee. They were each erroneous and misleading, raising issues not involved in the case, and there was no evidence in the case upon which to base some of them.

Besides, we think, in view of all the evidence contained in this record, that the harvesting machines filled the warranty in letter and in spirit, and, in fact, that there was no legal defense to this suit. For these reasons the judgment of the Circuit Court is reversed and the cause is remanded for further proceeding not inconsistent with the views herein above expressed.

*Reversed and remanded.*