(Decided March 9, 1936.)

*Mr. Brandon G. Schnorf,* for plaintiff in error.
*Mr. Harold T. Hanley,* for defendant in error.

LLOYD, J.  On July 31, 1927, The Surety Mortgage & Investment Company, as seller, and Tom and Ella Elleman, as purchaser, entered into a land contract for the sale and purchase of a lot in Toledo upon the terms and conditions therein set forth.  The purchase price was $940, $50 of which was payable and paid upon the excution of the contract, the balance thereof being payable in installments of $10 per month, which "the purchaser promises and agrees to pay to the seller or his assigns,  *  *  *  upon the first day of each and every succeeding month until said purchase price and interest thereon is paid in full", at which time, if the purchaser had performed all of the other terms and conditions of the contract to be performed by him, a warranty deed for the lot was to be given by the seller to the purchaser.

On April 19, 1928, the Ellemans assigned their right, title and interest in and to the contract to the plaintiff

in error, C. S. Kegerreis, who accepted and assumed all of the obligations thereof. On August 29, 1932, The Surety Mortgage & Investment Company conveyed the lot to the defendant in error, The Citizens Trust Company, Trustee. The trust company recovered a judgment against Kegerreis in the Court of Common Pleas for $435, the aggregate amount of the unpaid installments of the purchase price due and payable at the time of the filing of its petition in that court, but a part only of the then remaining unpaid balance of the stipulated purchase price of $940. Kegerreis contends that the trust company was restricted in its right of action to one or the other of the two remedies expressed in the contract, neither of which it elected to pursue, and that therefore the judgment of the Court of Common Pleas should be reversed and final judgment entered in his behalf.

Provision 6 of the contract, which it is claimed should be so construed, reads as follows:

"In the event that the Purchaser shall make default in the payment of taxes, and assessments agreed to be paid by the Purchaser, or in the event default be made in the payments hereinabove provided, and such default exist for a period of thirty (30) days or more, the Seller may at its option declare the entire balance of the purchase price due and payable, or may rescind this contract to sell and convey said property, and at its option take possession thereof; and in the event of such rescission any and all payments theretofore made by the Purchaser shall be taken and retained by the Seller as and for liquidated damages for the breach of this contract. Failure or delay to exercise said option at the time of any default shall not be or operate as a waiver of the right to exercise such option at any time thereafter. It is agreed that a notice duly mailed by registered mail to the Purchaser at 1711 Cone Street, shall be sufficient notice of the exer-

cise of said option or communication of the Seller to the Purchaser under the terms and conditions hereof may be given in like manner. Within thirty (30) days after the date when notice is sent to the Purchaser by the Seller of its rescission hereunder or its declaration that the entire balance of said purchase price is due and payable, as hereinbefore provided, the Purchaser may, by paying all amounts then in arrears, with interest, and curing other defaults hereunder, reinstate this contract, and, in that event such rescission or declaration shall be abrogated. It is understood that the rights of the Purchaser and the Seller under this paragraph are cumulative and may be exercised as often as the occasion arises.''

This contention can not be sustained for the very good reason that the contract does not require that the seller must pursue either of the two suggested remedies, and that he shall be restricted exclusively thereto; on the contrary, the contract merely provides that such proceeding is optional with him, and it is only by the exercise of the option by the seller to rescind the contract that the purchaser could be relieved of the primary obligation to pay the purchase price installments as and when they became due and payable as expressly agreed; and the option in case of default to declare due the entire amount of the unpaid purchase price is no more than an option vesting in the seller the privilege of accelerating the obligation of the purchaser to pay the purchase price. The consideration for the payment of the several installments as they became due is that when all are paid the purchaser shall be entitled to a deed, and their payment is not conditional on the prior performance of any act on the part of the seller. The purchaser's promise to pay is absolute. The seller's promise to give the deed is conditional, and the purchaser may not avoid his

absolute promise because he has accepted as a condition therefor the conditional promise of the seller.

Nor, as we have said, is he relieved from this absolute obligation by the contractual optional remedies given to the seller. By the very terms of the contract he can accelerate his right to a deed for the premises, since the contract provides that the ''purchaser shall have the right and option to make additional payments upon said purchase price at any time'' and by the payment of the judgment and whatever, if any, additional installments or other obligations under the contract may have accrued, Kegerreis would be entitled to retain the privileges of the contract so long as he continued to perform his part of the same. He is in no different position than he was before the judgment was obtained. The various installments of the purchase price become due and payable at different times, creating different pecuniary obligations, severally enforcible.

Concluding that the expressed optional remedies to the seller are ancillary and secondary to the primary and absolute obligation of the purchaser to pay the several installments of the purchase price as and when the same become due, and inure to the exclusive benefit of the seller, who may waive the exercise of either or both of them, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.