WILLIAM H. KEMP *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* JOE K. GANNETT, Defendant-Appellant and Cross-Appellee.

Fourth District    No. 13734

Opinion filed July 11, 1977.

George L. Chesley, of Bloomington (DePew, Grimes & Chesley, of counsel), for appellant.

Markowitz, Lawrence, Lenz, Jennings, Naylor & Mueller, of Bloomington (William A. Mueller, Jr., of counsel), for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:
A contract for the sale of land.
Plaintiffs Kemp say defendant Gannett breached it.

The trial court found for plaintiffs and awarded $4,725 in damages. Defendant appeals, contending that the damages were improperly computed and that certain evidence was improperly admitted. And plaintiffs cross-appeal, contending that the damage award should have been larger.

We find no merit in the appeal but reverse and remand on the cross-appeal to allow certain additional elements of damage.

William Kemp is a contractor who built the single family home which is involved here, and Mr. Gannett is a realtor with whom the home was listed. Kemp agreed to relist the home with Gannett upon the condition that Gannett would buy it himself if it was not sold at the end of 90 days. Gannett also agreed to pick up the mortgage payments during the second 90 days listing. Needless to say, Gannett did not buy and Kemp, after numerous efforts, was not able to sell the house for almost a year and then only at a price less than the contract with Gannett.

The general rule is that plaintiff's damages are the difference between the contract price and the market price on the date of the breach. (92 C.J.S. *Vendor and Purchaser* §537(c)(1) (1955); *Dickson v. Turner* (1909), 149 Ill. App. 394.) Defendant argues that there was no evidence of market value on the date of the breach and that plaintiff cannot recover incidental and consequential damages.

■■ Resale price, if within a reasonable time and at the highest price obtainable after breach, is evidence of market value on the day of the breach. (*Mahoney v. Tingley* (1974), 10 Wash. App. 814, 520 P.2d 628; *Warner v. Wilkey* (Mass. App. 1974), 307 N.E.2d 847.) The trial court here found that the resale price obtained by Kemp after a consistent and good faith effort was probative of the fair market value. This was perfectly proper.

■■ The trial court also found that plaintiff should be reimbursed for: the real estate taxes from the expiration of the second listing agreement to the resale; expenses incurred in the effort to resell; and three monthly payments on the mortgage, plus the interest to the date of resale.

Defendant cites several cases which, he says, hold that such expenses as these are not recoverable. But these cases, in fact, do not even touch the issue here.

■■ The purpose of damages is to put the party into the position he would have been had the contract to buy been performed. (*Anderson v. Long Grove Country Club Estates* (1969), 111 Ill. App. 2d 127, 249 N.E.2d 393.) Since plaintiffs had no beneficial use of the home between the time of defendant's breach and the resale, no reason appears why they should not be permitted to recover for their interest costs and taxes accrued during this period. The expense of resale also clearly arose from defendant's default and the three months payments on the mortgage were

required by the listing agreement. An additional reason exists why payment of the interest expense should be required—defendant's letter to plaintiff Kemp agreed to make these payments. The parties to a contract may fix their own measure of damage. *Osborne v. Flood* (1882), 11 Ill. App. 408.

■■■ On the cross-appeal, plaintiffs argue that they should have been awarded the costs of the utilities during the period before resale and the realtor's commission upon resale. The trial court found, and we agree, that payment of the commission did not result in damage as the contract between plaintiff and defendant contemplated that defendant would receive a commission which, of course, was not paid. However, the utility costs were necessarily incurred in an effort to protect the house and keep it fit for viewing. They should have been recovered. (*Frank v. Jansen* (1975), ___ Minn. ___, 226 N.W.2d 739.) This cause must be reversed and remanded for further proceedings on that issue.

Defendant argues that three exhibits (letters from plaintiffs' attorneys to defendant) were improperly allowed into evidence. A few background facts are necessary for an understanding of this point.

■■ Defendant did not contend at trial that there was no contract. He presented evidence tending to show that Kemp had withdrawn from the contract on or about June 11, 1973, by calling defendant's secretary and asking that the real estate listing be withdrawn. Plaintiffs, in rebuttal, presented letters dated June 20, 1973, July 10, 1973, and February 24, 1974, from their attorneys to defendant. The letters were all to the effect that plaintiffs expected defendant to go through with the contract. Defendant contends that the letters were self-serving and hearsay. Plaintiffs contend that the letters are not hearsay, since not offered to prove the truth of the statements in them—that is, that defendant had broken his contract. They argue that the letters were offered to show Kemp's mental state or intention to rebut evidence of a contrary attitude which was offered by defendant. They were admissible for this purpose. (*George J. Cooke Co. v. Fred Miller Brewing Co.* (1925), 316 Ill. 46, 146 N.E. 459.) There was no error.

The judgment in favor of the plaintiffs is affirmed, but the cause is reversed and remanded for recomputation of damages pursuant to this opinion.

Reversed and remanded.

CRAVEN, P. J., and GREEN, J., concur.