STANLEY GRYB *et al.*, Plaintiffs-Appellants, *v.* DAVID BENSON *et al.*, Defendants-Appellees.

First District (1st Division)   No. 79-1715

Opinion filed May 27, 1980.

Boodell, Sears, Sugrue, Giambalvo & Crowley, of Chicago (Donald F. Hemmesch, Jr., of counsel), for appellants.

No brief filed for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This appeal involves the amount of damages recoverable in an action for breach of contract to buy real estate where the contract contains an optional provision to treat the earnest money as liquidated damages which provision has not been exercised. The trial court found such a provision provided the exclusive remedy for the breach and the sellers were therefore not entitled to recover additional damages. The trial court entered judgment in favor of Stanley and Emily Gryb (plaintiffs) and against David and Audrey Benson (defendants) for $1000, the amount of earnest money. Plaintiffs appeal.

Defendants have failed to file a brief in this court. Nevertheless, we will decide the issues on the merits. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

The plaintiffs and defendants executed the contract on July 12, 1976. Defendants agreed to purchase plaintiffs' house for $61,500. Defendants deposited $1000 as earnest money with Cowing Realty Co., Ltd. (third-party defendant). The contract provided:

"If this contract is terminated without Purchaser's fault, the earnest money shall be returned to the Purchaser, but if the termination is caused by the Purchaser's fault, then at the option of the Seller and upon notice to the Purchaser, the earnest money shall be forfeited to the Seller and applied first to the payment of Seller's expenses and then to payment of broker's commission; the balance, if any, to be retained by the Seller as liquidated damages."

When defendants failed to perform the contract, plaintiffs brought suit seeking actual damages. Plaintiffs never exercised their option to retain the earnest money. Instead they claimed damages of $11,148 plus prejudgment interest. Plaintiffs claimed a $3000 loss resulting from the subsequent sale of the house to other purchasers for $58,500.

Plaintiffs also allege additional losses. The agreed statement of facts shows that plaintiffs were about to deposit the proceeds of the sale to defendants toward the purchase of a new house. Time was of the essence. Plaintiffs had already paid $10,000 on account of the new purchase as earnest money. Plaintiffs were compelled to obtain interim financing until

they sold their house herein involved. Plaintiffs borrowed $20,000 on a six-month note at 8½ percent interest, thereby incurring an expense of $648. To obtain the balance of the purchase price, plaintiffs sold a lake property lot they had held for retirement income and security. Plaintiffs claim $7500 as a result of being compelled to sell that property prior to the time they had intended.

In this court, plaintiffs contend the trial court improperly restricted their recovery to the optional liquidated damage clause in the contract, and it incorrectly determined actual damages for breach of the contract.

■■ The first issue is whether the above-quoted liquidated damage provision is the exclusive remedy where the seller chooses not to exercise the option contained therein. Where a contract contains such an optional liquidated damage provision for retention of the earnest money by the seller in event of a breach by the buyer, the seller is not entitled to additional recovery if he exercises the option. *Kohenn v. Plantation Baking Co.* (1975), 32 Ill. App. 3d 231, 236, 336 N.E.2d 491. See also *Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 555, 394 N.E.2d 593; *Hayden v. Keepper-Nagel, Inc.* (1978), 62 Ill. App. 3d 828, 831, 379 N.E.2d 116.

■■ This rule, however, should not apply when the sellers have such an option and choose not to exercise it. The contract in the instant case gave the plaintiffs as sellers an option to retain the earnest money as liquidated damages. But plaintiffs instead chose to sue for their actual damages. This was the prerogative of plaintiffs under the clear language of the contract. We hold that plaintiffs are entitled to recover their actual damages in accordance with law.

The second issue, therefore, involves the amount of damages recoverable by plaintiffs in this action for breach of the real estate contract. Generally, damages for the breach of a real estate contract are measured by the difference between the contract price and the market value of the property on the date of the breach. (*Kemp v. Gannett* (1977), 50 Ill. App. 3d 429, 431, 365 N.E.2d 1112.) The resale price, if within a reasonable time and at the highest price obtainable after the breach, is evidence of the market value on the date of the breach. *Kemp*, 50 Ill. App. 3d 429, 431.

In the instant case, the agreed statement of facts recites that the difference between the contract price and the resale price was $3000. We find that plaintiffs are entitled to recover this sum of $3000 lost by virtue of the defendants' breach of contract.

■■ The other losses sustained by plaintiffs arise, as above shown, from their attempts to finance the purchase of a second house when they learned the expected proceeds from the sale of the first house were not forthcoming. The Illinois courts have not considered in detail precisely which additional losses are compensable in an action for breach of a real

estate contract. As a general matter, the damages recoverable in any action for breach of contract "are limited to those which were reasonably foreseeable and were within the contemplation of the parties at the time the contract was executed." (*Kalal v. Goldblatt Brothers, Inc.* (1977), 53 Ill. App. 3d 109, 113, 368 N.E.2d 671.) In our opinion, in the instant case the plaintiffs' additional losses fail to come within these limitations. These additional losses are, in our opinion, remote rather than proximate and reasonably foreseeable.

For these reasons the judgment of the circuit court is modified by increasing the amount of the judgment in favor of plaintiffs and against defendants from $1000 to $3000. As thus modified, the judgment is affirmed. We do not find statutory authority here for allowance of prejudgment interest. See Ill. Rev. Stat. 1977, ch. 74, par. 2.

Judgment affirmed as modified.

McGLOON and O'CONNOR, JJ., concur.