CATHOLIC CHARITIES OF THE ARCHDIOCESE OF CHICAGO, Plaintiff-Appellee, v. GEORGE THORPE, Defendant-Appellant.

First District (2nd Division)    No. 1—99—1717

Opinion filed December 12, 2000.

Daniel E. Radakovich and Daniel J. Florey, both of Chicago, for appellant.

Walter J. Starck, of Schwartz & Freeman, and Bert J. Zaczek, of Law Offices of Bert J. Zaczek, both of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

Defendants George Thorpe and Terry Pearson (collectively Buyer) appeal from the summary judgment of the circuit court of Cook County granted in favor of plaintiff Catholic Charities of the Archdiocese of Chicago (Seller) for the earnest money as liquidated damages on a contract to purchase real estate. On appeal, Buyer argues that no contract was formed because the payment of earnest money was a condition precedent to formation of the contract and was never performed; that the liquidated damages clause is unenforceable because the Seller retained the option of recovering actual damages; that the liquidated damages clause is not enforceable if the Seller (Catholic Charities) sustained no actual damages; and that the circuit court erred by refusing to permit Buyer to obtain discovery regarding the amount of Seller's actual damages. For the reasons discussed below, we reverse.

The essential facts of this case, as stated in Buyer's complaint, follow. On or about April 29, 1996, Buyer entered into a purported contract (the contract) with Seller to purchase a parcel of real estate (the property) located at 1300 South Wabash Avenue in the City of Chicago. The contract stated that Buyer "has paid $10,000 as earnest money to be increased to $25,000 upon acceptance" of the contract by Seller. Buyer paid the initial deposit of earnest money in the sum of $10,000 with a personal check, which was returned for insufficient funds and thereafter remained unpaid. The closing of the transaction was scheduled for June 6, 1996, and was extended to June 25, 1996, at Buyer's request. Seller appeared at the appointed time and place on June 25 for the closing; however, Buyer did not appear. Seller subsequently sold the property to a third party and the trial court refused to allow Buyer to discover the price at that sale. Seller subsequently filed suit for the earnest money as liquidated damages and the trial court granted summary judgment in its favor. This appeal followed.

■ We first note that we are reviewing an order granting summary judgment. "It is well settled that summary judgment should be granted only when the pleadings, depositions, affidavits, and admissions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Largosa v. Ford Motor Co.*, 303 Ill. App. 3d 751, 753, 708 N.E.2d 1219, 1221 (1999). "On a motion for summary judgment, the court must consider all the evidence before it strictly against the movant for summary judgment and liberally in favor of the nonmovant." *Largosa*, 303 Ill. App. 3d at 753, 708 N.E.2d at 1221. "When reviewing a trial court's order granting a motion for summary judgment, the standard of review is *de novo*." *Largosa*, 303 Ill. App. 3d at 753, 708 N.E.2d at 1221.

Buyer first argues that Seller is not entitled to a judgment for the earnest money because no contract was ever formed between Buyer and Seller. In support, Buyer contends that the payment of the earnest money was a condition precedent to the formation of the contract and that the earnest money was never paid. In response, Seller argues that the payment of the earnest money was not a condition precedent to the formation of the contract, but was a condition precedent to Seller's performance. We find that the payment of the earnest money is not a condition precedent to the formation of the contract.

■ A "condition precedent is one that must be met before a contract becomes effective or that is to be performed by one party to an existing contract before the other party is obligated to perform." *McAnelly v. Graves*, 126 Ill. App. 3d 528, 532, 467 N.E.2d 377, 379 (1984). "Whether an act is necessary to formation of the contract or the performance of an obligation under the contract depends on the facts of the case." *McAnelly*, 126 Ill. App. 3d at 532, 467 N.E.2d at 379. If "a condition goes solely to the obligation of the parties to perform, existence of such a condition does not prevent the formation of a valid contract." *McAnelly*, 126 Ill. App. 3d at 532, 467 N.E.2d at 379.

■ Thus, whether a contract exists herein turns on whether the payment of the earnest money is a condition precedent to the formation of the contract. As the District of Columbia Court of Appeals has observed, the resolution of this question turns on the intent of the parties.

"The issue really is not whether a 'condition' must occur before a contract comes into existence but whether the parties have mutually assented or agreed to make it a binding contract. If there is such mutual assent, agreed on conditions clearly affect only the duty to perform. If no mutual agreement is reached, there is no contract. The 'condition precedent' to the formation or existence of

a contract is thus the mutual assent or agreement of the parties."
*Edmund J. Flynn Co. v. Schlosser*, 265 A.2d 599, 601 (D.C. 1970).
The intent of the parties to create a condition precedent to the formation of a contract is a question of law where the language in the instrument is unambiguous. *IK Corp. v. One Financial Place Partnership*, 200 Ill. App. 3d 802, 810, 558 N.E.2d 161, 166-67 (1990).

The language in the instrument at issue is unambiguous and does not express an intent by the parties to make payment of the earnest money a condition precedent to the formation of a contract. *Hudson v. Wakefield*, 645 S.W.2d 427, 430 (Tex. 1983) (payment of earnest money not a condition precedent to the formation of the contract). The instrument states that "[p]urchaser has paid $10,000 (to be increased to $25,000 upon acceptance of contract by seller) as earnest money to be applied on the purchase price." The additional $15,000 in earnest money (which brings the total to $25,000) is clearly a promise that must be performed once the contract is agreed to. Nor does this language specifically require that the initial $10,000 earnest money be paid as a condition to the contract being formed, but merely purports to recite a history of what has already taken place.

All the Illinois cases that our research has disclosed that found a condition precedent to the formation of a contract contain express language on the face of the contract to support that construction. For example, in *McAnelly v. Graves*, 126 Ill. App. 3d 528, 531, 467 N.E.2d 377, 378 (1984), the court found that a provision in a lease that stated that "it was 'subject to' the lessee's obtaining all necessary mining permits and stated that, if such permits were not issued, the lease was to be of no force and effect and the entire advance royalty payment was to be refunded to the lessee" was not a condition precedent to the formation of the contract. The court reasoned that "the language and circumstances of the lease in question belie the *** contention that formation of the contract was dependent upon the plaintiff's obtaining the *** permits" because the "lease itself did not require the permits to be issued before it became effective." *McAnelly*, 126 Ill. App. 3d at 533, 467 N.E.2d at 379. Rather, the language indicated that the parties intended the issuance of the permits to be a condition precedent to performance. The court then distinguished the case of *Albrecht v. North American Life Assurance Co.*, 27 Ill. App. 3d 839, 840, 327 N.E.2d 317, 318 (1975), where a contract provision stating that the employee "shall be insured" under an insurance policy after completing an application for insurance created a condition precedent to formation of a contract. *McAnelly*, 126 Ill. App. 3d at 533, 467 N.E.2d at 379.

We concur with the analysis in *McAnelly* and find *Albrecht* to be

similarly distinguishable. In *Albrecht* the instrument in question stated on its face that an "employee shall become insured hereunder *** on the date of completion of a written application for insurance." *Albrecht*, 27 Ill. App. 3d at 840. This language clearly states that no contract of insurance covers the employee until *after* an application is completed. The completion of the application is thus clearly a condition precedent to the formation of a contract of insurance covering the employee. *Cf. IK Corp.*, 200 Ill. App. 3d at 810-11, 558 N.E.2d at 167 (which indicates that the term "subject to" may denote a condition precedent depending on the surrounding context, but agrees with the underlying principle that to be construed as a condition precedent the intent to do so must be clear from the fact of the document).

■ Thus as is manifest from each of the forgoing cases a condition precedent to the formation of a contract will not be found unless the intent to create such a condition is apparent from the face of the agreement. In the case at bar, the language of the contract does not purport to formulate the payment of earnest money as a condition precedent to the formation of the contract and therefore no such intent should be read into it.

Nor need we determine whether the language in this contract renders the payment of the earnest money a condition precedent to performance as opposed to being an independent promise (see generally 3A A. Corbin, Corbin on Contracts § 633 (1960)), since neither of these constructions would be of any aid to Buyer. If indeed the provision is a condition precedent to performance, the contract would have been formed in any event and would require the Buyer to deposit the earnest money, which he did not do. 3A A. Corbin, Corbin on Contracts § 633, at 27-28 (1960) ("a contract can be so made as to create a duty that the fact operative as a condition shall come into existence," and "[s]uch a condition might be described as a promissory condition").

Moreover, even assuming that the payment of the earnest money is a condition precedent to the formation of the contract, performance of that condition by Buyer was waived by Seller. A party to a contract may waive performance of a condition precedent by the other party where the condition precedent is intended for the benefit of the waiving party. *Quake Construction, Inc. v. American Airlines, Inc.*, 181 Ill. App. 3d 908, 915, 537 N.E.2d 863, 868 (1989) ("a party may waive a condition precedent to the formation of a contract"); *Bartels v. Denler*, 30 Ill. App. 3d 499, 501, 333 N.E.2d 640, 642 (1975) ("It is well established that a party to a contract may waive provisions contained in the contract for his benefit"); 13 R. Lord, Williston on Contracts § 39:24, at 599 (4th ed. 2000) ("a contracting party may unilaterally waive a provision of the contract, including, as a general rule, any

condition precedent, which has been placed in the contract for his or her benefit").

There can be no question that the earnest money provision in the contract is for the benefit of Seller. This provision, along with its liquidated damages component, is manifestly designed to protect Seller in the event that Buyer were to refuse to perform the contract. Seller waived this condition by suing to enforce the contract. *C.P.D. Chemical Co. v. National Car Rental Systems, Inc.*, 148 Ga. App. 756, 757, 252 S.E.2d 665, 667 (1979) (party may waive contract condition through its actions). Thus if payment of the earnest money were a condition precedent to the formation of the contract, the Seller would have waived that condition. *C.P.D. Chemical*, 148 Ga. App. at 758, 252 S.E.2d at 667 (waiver may be determined as a matter of law); *Liberty Mutual Insurance Co. v. Westfield Insurance Co.*, 301 Ill. App. 3d 49, 53, 703 N.E.2d 439, 441 (1998) ("Where there is no dispute as to the material facts and only one reasonable inference can be drawn therefrom, it is a question of law whether facts proved constitute waiver").

Moreover, the same result would also apply without a general waiver analysis since in this particular instance it is the promisor who is attempting to take advantage of his failure to perform as the basis of his own avoidance of any further liability under the agreement. *Grill v. Adams*, 123 Ill. App. 3d 913, 918, 463 N.E.2d 896, 900 (1984) ("[a] party cannot take advantage of his own conduct and claim that failure of the fulfillment of a condition therefore defeats his liability"); accord *Eggan v. Simonds*, 34 Ill. App. 2d 316, 321, 181 N.E.2d 354, 356 (1962).

■ Buyer next argues that the liquidated damages clause in the contract is optional and a penalty and therefore not enforceable pursuant to our decision in *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737, 607 N.E.2d 1337 (1992) (holding optional liquidated damages clause unenforceable). Seller argues in response that Buyer has waived this argument by his failure to raise this issue below. Seller also contends that the liquidated damages clause is not optional. Seller attempts to argue that the word "option" does not denote that Seller may alternatively pursue a remedy of liquidated damages or actual damages at its option. Rather, Seller insists that the word "option" should merely be construed to mean that it is under no obligation to sue for liquidated damages but may forebear seeking any remedy. Seller therefore contends that *Grossinger* is not controlling, because unlike in *Grossinger*, the clause at issue here does not specify that Seller has the option of seeking "actual damages."

In response to Seller's contention that Buyer's argument from

*Grossinger* was waived by defendant's failure to raise this issue below, Buyer contends that the issue was raised, albeit obliquely and briefly. Buyer contends that the issue was sufficiently raised by him in response to a motion to strike affirmative defenses where he argued that "to be valid a provision for liquidated damages must be for a certain sum," apparently contending that there is uncertainty insofar as Seller attempted to preserve his right to affirmative damages alternatively to his right to liquidated damages. He further contends that he cited *Grossinger* below, albeit not on this issue. We do not, however, feel constrained to examine the sufficiency of Buyer's contention, since in any event any waiver on his part is only binding on the parties and not binding on this court. *Ward v. Community Unit School District No. 220*, 243 Ill. App. 3d 968, 974, 614 N.E.2d 102, 107 (1993) ("the waiver rule is a limitation only on the parties, and this court has the power to decide any issue as long as the record contains facts sufficient for resolution of the issue"). This issue raises a clear question of law, and the factual record is sufficient to permit its resolution without further input from the trial court below. Furthermore, we find that resolution of this issue is necessary to maintain a uniform body of precedent on this point. *American Federation of State, County & Municipal Employees, Council 31 v. County of Cook*, 145 Ill. 2d 475, 480, 584 N.E.2d 116, 118-19 (1991) ("the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversarial nature of our system").

■ Turning to the merits of this argument, which has been fully briefed by the parties on appeal, we cannot accept the construction which Seller seeks to impose on the option language in the contract. The clause in the contract provides as follows:

> "5. If this contract is terminated without Purchaser's fault, the earnest money shall be returned to the Purchaser, but if the termination is caused by the Purchaser's fault, then *at the option of the Seller* and upon notice to the Purchaser, *the earnest money shall be forfeited to the Seller* and applied first to the payment of Seller's expenses and then to payment of broker's commission; the balance, if any, to be retained by the Seller as liquidated damages." (Emphasis added.)

Seller's construction makes little sense as no one would ever consider that the Seller was under any duty to pursue any remedy provided to him under the agreement whether he deployed the term "at his option" or not. Thus, the addition of the clause "at the option of the Seller" would be totally redundant unless we assign to it an intent to preserve his alternate remedy of actual damages in addition to his right to liquidated damages.

The construction that we urge here was expressly followed in *Gryb v. Benson*, 84 Ill. App. 3d 710, 712, 406 N.E.2d 124, 126 (1980), which interpreted a similar clause giving the seller the "option" of receiving liquidated damages without explicitly providing for the preservation of the seller's right to actual damages. There the court construed a liquidated damages clause identical to the one in the case *sub judice* as providing the seller with the option of suing for either liquidated damages or actual damages.[1] Courts in other jurisdictions have similarly interpreted clauses such as the one at bar, which provides the seller the option of liquidated damages without specifying any alternative remedies to that option, as nevertheless being designed to give the seller the choice of suing for actual damages as an alternative to liquidated damages. See, *e.g., Royer v. Carter*, 37 Cal. 2d 544, 546-47, 233 P.2d 539, 541 (1951) (Traynor, J.); *Kegerreis v. Citizens Trust Co.*, 52 Ohio App. 412, 413-14, 3 N.E.2d 896, 897 (1936); *Sorce v. Rinehart*, 69 Wis. 2d 631, 637, 230 N.W.2d 645, 648-49 (1975); *Zimmerman v. Thompson*, 16 Wis. 2d 74, 76, 114 N.W.2d 116, 117 (1962). See generally, Annotation, *Provision in Land Contract for Liquidated Damages Upon Default of Purchaser as Affecting Right of Vendor to Maintain Action for Damages for Breach of Contract*, 39 A.L.R.5th 33, 67-69 (1996).[2]

Since we have determined that a clause providing for the recovery of liquidated damages at the option of the seller in effect preserves the promisee's right to alternatively seek compensatory damages, the right to liquidated damages is rendered unenforceable. Our decision in *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737, 607 N.E.2d 1337 (1992), controls this issue.

In *Grossinger* we held that an optional liquidated damages provision "which allows defendant to seek actual damages or alternatively to retain the earnest money as liquidated damages is unenforceable." *Grossinger*, 240 Ill. App. 3d at 752, 607 N.E.2d at 1347. We reasoned

---

[1]We note that *Gryb*, without analysis, upholds an optional right to recover liquidated damages (*Gryb*, 84 Ill. App. 3d at 712, 406 N.E.2d at 126), on which point it has been superseded by our decision in *Grossinger* as more fully elaborated below.

[2]Finally, as we discuss in detail below, this construction of the clause as optional renders it invalid. Because this construction invalidates the clause, this construction of the clause as being optional in nature is consistent with our distrust of liquidated damages provisions. *Grossinger*, 240 Ill. App. 3d at 749, 607 N.E.2d at 1345 (Illinois courts favor construing provisions that affix the amount of damages in the event of a breach in a way that excludes the idea of liquidated damages); *Arco Bag Co. v. Facings, Inc.*, 18 Ill. App. 2d 110, 116, 151 N.E.2d 438, 441 (1958).

that this scheme distorts the very essence of liquidated damages, which in effect is to provide the parties with a preordained settlement of a damage sum when actual damages would otherwise be difficult to determine. *Hickox v. Bell*, 195 Ill. App. 3d 976, 987, 552 N.E.2d 1133, 1140-41 (1990) ("a liquidated damages clause will be given effect if it is difficult to determine the actual damages which would result in event of breach"). The preservation of an option to alternatively seek the recovery of actual damages reflects that the parties did not have the mutual intention to stipulate to a fixed amount as their liquidated damages but, rather, to a minimum amount subject to increase if actual damages prove to exceed the amount provided as liquidated damages. In effect, the manifest purpose of the liquidated damages provision under such circumstances is to give the seller the option of penalizing the buyer by recovering an amount in excess of his actual damages where the actual damages are less than the liquidated sum. *Grossinger*, 240 Ill. App. 3d at 751, 607 N.E.2d at 1346 ("'existence of the option reflects that the parties did not have the mutual intention to stipulate to a fixed amount as their liquidated damages in the event of a breach' and indicates 'an intent to penalize the defaulting buyer'"), quoting *Lefemine v. Baron*, 573 So. 2d 326, 329 (Fla. 1991). Such a clause "is no settlement at all" as it "permits the [seller] to have his cake and eat it too." *Grossinger*, 240 Ill. App. 3d at 751, 607 N.E.2d at 1347.

Accordingly, in the instant case, once we have concluded that the option clause allows Seller to pursue either liquidated or actual damages at his option, the same result must follow as in *Grossinger*. As in *Grossinger*, this scheme does not purport to provide an anticipatory settlement of any damage claim between the parties since Seller is at all times free to pursue the recovery of actual damages if he believes that they would exceed the amount provided in liquidated damages. It is therefore not a settlement but an attempt to penalize the breaching buyer and is thus unenforceable.

Because we find that the liquidated damages clause is unenforceable due to its optional nature, we need not address Buyer's remaining arguments that the liquidated damages clause is unenforceable if Seller sustained no actual damages and that the trial court erred in not permitting Buyer to discover the extent of Seller's actual damages.

For the reasons discussed above, the judgment of the circuit court of Cook County is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed; cause remanded.

CAHILL, P.J., and COUSINS, J., concur.