Mary C. Heckmann, et al., as Executors and Trustees of the Last Will and Testament of Martin Cooney, Deceased, Plaintiffs-Appellees, v. Mid States Development Company, an Illinois Corporation, Defendant-Appellant.

### Gen. No. 64–63.

Second District.
June 3, 1965.

Ruff and Grotefeld, of Chicago (John J. Reynolds, of counsel), for appellant.

Harold C. Kinne, Jr., of McHenry, and Jerome S. Morris and Steven B. Stern, of Chicago, for appellees.

STOUDER, J.
This cause is before us on appeal from a decision of the Circuit Court of McHenry County, in favor of Plaintiffs on their complaint for a declaratory judgment and a writ of assistance, and, against, the defendant on its counterclaim. The action arose out of a real estate contract between Mary C. Heckmann, et al., Plaintiffs, and Appellees herein, and, Mid States Development Company, Defendant, Appellant herein, with respect to the sale of approximately 793 acres

of unimproved farm land in McHenry County, Illinois. Upon a breach of the contract by Mid States Development Company, Appellant, Appellees declared the contract forfeited on July 3, 1962 and thereafter on December 20, 1962 filed their complaint for a declaratory judgment and writ of assistance, declaring the real estate contract to be void and cancelled of record and asking that a writ of assistance be issued restoring possession of the premises to them. Appellant filed its answer alleging that it was entitled to the return of two payments totaling $50,000 (Fifty Thousand Dollars) made to Appellees under the terms of the contract and further that the provision of the contract permitting the retention of the $50,000 (Fifty Thousand Dollars) by Appellees as liquidated damages was in fact a penalty and should be so declared. The parties, in the court below, stipulated that the only issue in the case was the construction of the provision in the contract relating to liquidated damages. Evidence on this question was presented to the court without a jury and the court found all issues in favor of Appellees, and interpreted the provision in question as one for liquidated damages.

The contract in question was executed on or about November 12, 1959 and provided in paragraph (1) that the purchase price of the land was $1,000 (One Thousand Dollars) per acre. Paragraph (5) of the contract provided in substance for an initial payment of $15,000 (Fifteen Thousand Dollars) on date of execution, $35,000 (Thirty-Five Thousand Dollars) on May 1, 1960 and yearly payments of $75,000 (Seventy-Five Thousand Dollars) each April 1st thereafter. The initial payment of $15,000 (Fifteen Thousand Dollars) was made by Appellant and the second payment of $35,000 (Thirty-Five Thousand Dollars) was also made after an extension of time having been

granted by Appellees. Thereafter no other payments were made by Appellant.

Paragraph (13) of the contract which is the heart of the controversy is as follows:

> "Time shall be of the essence of this Agreement. In the case of the failure of the Purchaser to make any payment on the purchase price (subsequent to the initial payments of Fifteen Thousand Dollars ($15,000.00) and Thirty-Five Thousand Dollars ($35,000.00) or any part thereof at the time and in the manner specified . . . Sellers may, at their option, terminate this contract and forfeit the initial payments of Fifteen Thousand Dollars ($15,000.00) and Thirty-Five Thousand Dollars ($35,000.00) made by Purchaser and said payments of Fifteen Thousand Dollars ($15,000.-00) and Thirty-Five Thousand Dollars ($35,000.00) shall be retained by Sellers in full satisfaction and Liquidation of all damages by them sustained . . . The remedy of termination of contract and forfeiture of the initial Fifteen Thousand Dollars ($15,000.00) and Thirty-Five Thousand Dollars ($35,000.00) payments made by Purchaser as herein provided . . . shall be exclusive and the Seller shall not pursue any other legal or equitable remedy against Purchaser or Purchaser's successors and assigns, in any matter whatsoever arising out of this contract."

Appellant in seeking a reversal of the decision of the lower court urges, (1), that the language in a contract describing an amount to be paid or forfeited as liquidated damages is not determinative of the nature and effect of the clause and, (2), that in order for an amount forfeited or paid, to be considered as liquidated damages, it must be shown that the parties in-

116

tended to liquidate their damages in advance, that the actual damages would be difficult to prove and uncertain in amount, that the amount retained is reasonable and not disproportionate to the actual damage and that evidence other than the contract itself is admissible either to prove or disprove these elements. In support of its second contention Appellant, made numerous offers of proof with respect to evidence from certain witnesses, after the trial court had sustained objections to the materiality of such evidence. The substance of the offers of proof was: (1) that the actual value of the real estate at the time of the contract was $600 (Six Hundred Dollars) per acre, that the price of $1,000 (One Thousand Dollars) per acre set forth in the written contract was arrived at for the purpose of securing favorable income tax treatment for Appellees and in fact represented a purchase price of $600 (Six Hundred Dollars) for the land, the remainder of the purchase price being considered interest and profits, (2) that Appellant had spent considerable sums of money in developing contiguous properties which increased the value of the land in question, (3) that Appellant has incurred time and expense in settling some title problems which were the obligation of Appellees and, (4) that the actual value of the land had increased substantially and was worth, at the time of the breach of the contract, approximately $750 (Seven Hundred Fifty Dollars) to $800 (Eight Hundred Dollars) per acre. Appellant contends that it was the intention of both parties that said land be purchased for $600 (Six Hundred Dollars) per acre and that since the value of the land had increased to $800 (Eight Hundred Dollars) per acre at the time of the breach of the contract, Appellees have in fact suffered no actual damage. As a consequence Appellant argues, the

117

provision for the retention by Appellees of the $50,-000 (Fifty Thousand Dollars) constitutes a penalty rather than liquidated damages.

▮▮▮▮ There would appear to be agreement by both parties as to the principles of law applicable since they each rely upon cases setting forth the same principles (Giescke v. Cullerton, 280 Ill 510, 117 NE 777; Lu-Mi-Nus Signs, Inc. v. Jefferson Shoe Stores, Inc., 257 Ill App 150). It is a primary rule of construction that the intentions of the parties shall be ascertained, and that such intention will be given full force and effect unless it is repugnant to another rule of law, or is against public policy. It is not the duty or the function of a court to relieve against unwise or improvident agreements entered into between competent parties voluntarily, and, with their understanding. It is also well settled that our concepts of law favor compensation for damages sustained upon a breach of a contract rather than the imposition of a penalty for non-performance.

▮▮▮▮ If an amount is described in a written contract as liquidated damages it should be considered as liquidated damages, if it can be shown that, it was the intention of the parties to agree in advance as to the settlement of damages that might arise upon a breach of the contract, that said damages would be difficult to prove and uncertain in amount, and, that the amount agreed upon bore some relation to the actual damages which might be sustained.

▮▮▮▮ In the instant case it is Appellant's contention that since no actual damage was sustained by Appellees the amount described in the contract as liquidated damages could have no relation to the actual damage which might be sustained by Appellees. With this contention we cannot agree. Appellant assumes the materiality of the value of the land at the time the contract was entered into. The proper mea-

118

sure of damages is the difference, if any, between the price agreed upon and the value of the land at the time the contract was breached. There is no dispute as to the price per acre agreed upon in the contract. The written contract contains no ambiguity as to this price. It clearly states that the price per acre is to be $1,000 (One Thousand Dollars). Appellant now seeks to show that this unambiguous provision in fact means something else and seeks to do so by offering evidence outside the contract. This would clearly violate the parole evidence rule which is well settled in this state and such evidence was properly excluded by the lower court. (Abingdon Bank & Trust Co. v. Bulkeley, 390 Ill 582, 62 NE2d 447). Appellant's reasons for agreeing on this particular price are not now open to argument in the absence of a showing of fraud, undue influence or mistake.

█ It is moreover, our opinion, that based on the contract itself and the nature of the undertaking as therein disclosed, the parties did at the time of the execution of the contract intend to limit their potential loss or damage. We further believe that at the time of the execution of the contract, potential damage would be difficult to ascertain and that the amount to be retained by Appellees was reasonable in relation to the actual damage which they might sustain.

The order of the Circuit Court of McHenry County will therefore be affirmed.

Affirmed.

ALLOY, P. J. and CORYN, J., concur.