CLARENCE E. HAYDEN *et al.*, Plaintiffs-Counterdefendants-Appellees, *v.* KEEPPER-NAGEL, INC., *et al.*, Defendants.—(GERALD T. BOOTH, Trustee, Counterplaintiff-Appellant.)

Second District   No. 77-303

Opinion filed July 18, 1978.

Wayne E. Flanigan, of Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellant.

William J. Nemanich and Mark H. Snow, both of Morrison & Nemanich, of Waukegan, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Plaintiffs and counterdefendants-appellees, Clarence C. Hayden and Gayle H. Richards, hereinafter the counterdefendants, brought suit against two real estate brokers, Keepper-Nagel, Inc., and Ed McDaniel, d/b/a MAC Realty (who are not parties to this appeal), for the return of $3,000 earnest money deposited with the brokers pursuant to an offer to purchase real estate made to the "legal title holder" of certain real estate located at 1515 Washington Street in Waukegan, Illinois, and accepted by Gerald T. Booth as the executor of the estate of Thomas R. Booth. Subsequently, Keepper-Nagel, Inc., withdrew from this action and deposited the counterdefendants' $3,000 earnest money with the court. Ed McDaniel, d/b/a MAC Realty, also withdrew from these proceedings but only after the filing of various pleadings. Thereafter, intervenor-defendant and counterplaintiff-appellant, Gerald T. Booth, as trustee under the will of Thomas R. Booth, deceased, hereinafter the counterplaintiff, filed an amended counterclaim against the counterdefendants which sought a judgment in the amount of $8,900 (10% of the purchase price of $89,000) of which the counterdefendants averred $3,000 was deposited with the court by the realtors and $5,900 remained to be deposited by the counterdefendants as earnest money pursuant to the terms of the offer.

While this counter-action was pending, the property in question was sold for $89,000 to another individual. The counterdefendants then amended their motion to dismiss counterplaintiff's amended counterclaim on the grounds that the sale of this property to another for the same

amount as that which the parties had originally agreed to pay extirpated any cause of action counterplaintiff may have had against the counterdefendants. After a hearing and argument on this motion, the trial court found that counterplaintiff's cause of action under his amended counterclaim against the counterdefendants had been extinguished by counterplaintiff's subsequent sale of the real estate to a third party for $89,000, and in light of its finding declined to consider the other grounds of the counterdefendants' motion to dismiss counterplaintiff's amended counterclaim.

The main issue raised on appeal is whether the trial court committed reversible error in dismissal of counterplaintiff's amended counterclaim. After a review of the record and briefs, we determine that the trial court erroneously granted counterdefendants' motion to dismiss, and we reverse the judgment of the circuit court of Lake County and remand this cause for further proceedings consistent with this opinion.

A brief recitation of the material clauses of this real estate contract is necessary for an understanding of our holding. Paragraph 10(h), the liquidated damages provision of this contract, provides that:

> "If the purchaser defaults, earnest money shall be forfeited and applied to payment of broker's commission and any expenses incurred, and balance paid to seller. At seller's election such forfeiture may be in full settlement of all damages. If seller defaults, earnest money, at option of purchaser, shall be refunded to purchaser, but such refunding shall not release seller from the obligation of this contract."

Paragraph 2, the earnest money clause of this contract, provides that:

> "Initial earnest money $500.00, in the form of check payable to and to be deposited, on acceptance of this offer, by MAC REALTY, to be increased to 10% of purchase price within _____ days after acceptance hereof. Said initial earnest money shall be returned and this offer shall be void if not accepted on or before _____."

Counterplaintiff contends that the subsequent sale of the property for the original contractual price to another buyer does not extinguish their right to liquidated damages under their contract with the counterdefendants. We agree.

■■■ It is axiomatic that a predetermined damages clause will be given effect if the actual damages are difficult to ascertain and the liquidated damages provision is a reasonable estimate of the damages which would actually result from a breach of the contract. (*Bauer v. Sawyer* (1956), 8 Ill. 2d 351, 134 N.E.2d 329; *Builder's Concrete Co. v. Fred Faubel & Sons, Inc.* (1978), 58 Ill. App. 3d 100, 15 Ill. Dec. 517, 373 N.E.2d 863.) The courts will also uphold a liquidated damages clause, even absent any

proof of actual damages, where the parties have agreed to have the damages provided in the contract ascertained on a particular basis and such provision is reasonable at the time of contracting. (*Twentieth Century-Fox Film Corp. v. Woods Amusement Corp.* (N.D. Ill. 1969), 304 F. Supp. 23.) Additionally, the courts have also found, in giving effect to a liquidated damages provision in a real estate contract which provided that earnest money was to be forfeited and treated as liquidated damages on the purchaser's wrongful rescission of the contract, that the vendor was not entitled to any other additional recovery. *Kohenn v. Plantation Baking Co.* (1975), 32 Ill. App. 3d 231, 336 N.E.2d 491.

■■ Our review of this contract and the relevant transactions conclusively establishes that the trial court erred when it found that the subsequent sale of the property for the original contract price to a third party extinguished the counterplaintiff's counterclaim for liquidated damages. Herein, the parties agreed in their contract that if counterdefendants should fail to perform, the "earnest money shall be forfeited and applied to payment of broker's commission and any expenses incurred, and balance paid to seller." Counterplaintiff has elected to sue under this provision of the contract, and counterdefendants have presented no authority which expressly provides that such a suit under the parties' liquidated damages provision is prohibited by a subsequent sale of the property to a third party for the same price, and we know of no authority which so states. Generally, the courts will enforce such liquidated damages provisions if the amount provided for damages is reasonable and for a sum certain for specified breach which bears some relation to the actual damages which might be sustained, where the damages would be difficult to prove and uncertain in amount and where it is shown that the parties' intent was to agree in advance as to the settlement of damages which might arise on breach of contract. (*Heckmann v. Mid States Development Co.* (1965), 60 Ill. App. 2d 113, 207 N.E.2d 715.) It is apparent in the present case that the trial court erred in its determination that the subsequent sale of the property for the same price extinguished counterplaintiff's counterclaim for liquidated damages based on the express terms of the contract.

We have examined counterdefendants' contentions and authorities and find them to be without merit. Counterdefendants' assertions concerning the validity of the contract and counterplaintiff's capacity to contract will be determined by the trial court after the parties have been permitted to present evidence on each of their divergent theories, and it is not for this court to make this *de novo* determination on appeal. Counterdefendants' related contention, relevant to the effect of the subsequent sale acting as a rescission of this contract which necessitated a declaration of a forfeiture, must also be decided by the trial court on remand, but only after the full

development of the facts under this contract. Additionally, it will be for the trial court to determine, among other questions, whether the liquidated damages provision of this contract was for $3,000 or $8,900 and whether these damages bore some relation to the actual damages sustained and were not a penalty for counterdefendants' failure to perform under the contract. Thus, our decision to reverse the trial court's decision and remand for further proceedings merely permits the trial court to make a determination on these and other questions after a complete presentation of witnesses, evidence and arguments on these issues.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.